UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>BAHRAM GHARONY,<br><br>Defendant | Criminal No.  21cr10232<br><br>Violations:<br><br>Counts One-Two: Wire Fraud<br>(18 U.S.C. § 1343)<br><br>Forfeiture Allegation:<br>(18 U.S.C. § 981(a)(1)(C) and<br>28 U.S.C. § 2461) |

INFORMATION

At all times relevant to this Information:

General Allegations

1. From in or about March 2008 until September 2020, the defendant, BAHRAM GHARONY, worked for the City of Boston as an auto-repair technician and mechanic for the Boston Police Department's ("BPD") Fleet Management Division which was responsible for the acquisition, repair, maintenance and inventory of BPD vehicles.

2. GHARONY specialized in foreign vehicles, namely Hondas and Toyotas and had the authority to order parts for BPD vehicles using longstanding accounts BPD had with several local automotive dealerships.

3. After ordering specific auto-parts, GHARONY received invoices from the dealerships. GHARONY submitted the invoices, which he sometimes altered, to BPD's Fleet Management Division for payment, and the dealerships delivered the auto-parts to GHARONY.

1

4. In addition to maintaining a personal bank account at City of Boston Credit Union, GHARONY also used several mobile payment computer applications including Cash App, whose computer servers for electronic payments were in California.

## Scheme to Defraud

5. Beginning in or about June 2017, and continuing until at least September 2020, GHARONY engaged in a scheme to defraud BPD of over $260,000 in automotive parts, tools, and supplies. As part of the scheme to defraud, GHARONY used BPD Fleet Management Division accounts to purportedly order parts for BPD vehicles, but which GHARONY instead converted and sold to others.

6. To conceal the scheme, GHARONY also at times altered the invoices he submitted to BPD for payment by either removing the Vehicle Identification Number ("VIN") for the vehicle or directing an automotive tool vendor to falsely characterize a tool purchase as a parts purchase. At times, GHARONY also purported to purchase parts for BPD's stock of replacement parts, but instead acquired and resold the parts.

7. Using an informal network of automotive mechanics, GHARONY sold Honda and Acura auto-parts to others that he falsely claimed he had lawfully obtained using a discount available to BPD.

## Acts in Furtherance of the Scheme to Defraud

8. Among other acts in furtherance of the scheme to defraud, GHARONY did the following:

*February 19-20, 2020 Transaction*

9.      On or about February 19, 2020, GHARONY ordered auto-parts including two "lower control arms", from a Honda dealership in Norwood. Although he purported to be ordering the parts for a BPD vehicle, GHARONY provided the dealership with a VIN for a vehicle not associated with any BPD vehicle.

10.     On or about February 20, 2020, the Norwood dealership gave GHARONY several invoices totaling $576.82 that listed the VIN that GHARONY had provided to the dealership. To conceal the scheme to defraud, GHARONY whited-out the VIN from the invoice and submitted the redacted invoice to BPD for payment. Based on GHARONY's fraudulent representations and course of conduct, BPD paid the invoice and GHARONY took custody of the parts from the Norwood dealership.

11.     On or about February 20, 2020, GHARONY sold the parts he fraudulently acquired from the Norwood dealership to an individual who on or about the same day paid GHARONY approximately $540.00 for the parts over Cash App.

12.     On or about March 23, 2020, GHARONY transferred the funds from the February 20, 2020 parts sale to his personal bank account at City of Boston Credit Union.

*May 4-5, 2020 Transaction*

13.     On or about May 4, 2020, GHARONY ordered auto-parts including an "intake manifold" from a Honda dealership in Norwood. Although he purported to be ordering the parts for BPD, the intake manifold was not compatible with any vehicle in BPD's vehicle fleet.

14.     Based on GHARONY's order, on or about May 5, 2020, the Norwood dealership shipped the parts to GHARNONY and submitted an invoice totaling $918.36. GHARONY

3

submitted the invoice to BPD for payment and falsely claimed he had acquired the parts for BPD as "stock," replacement parts.

15. On or about May 5, 2020, GHARONY sold the parts he fraudulently acquired from the Norwood dealership to an auto-part business in New Hampshire who paid GHARONY approximately $900.00 for the parts over Cash App.

16. On or about June 9, 2020, GHARONY transferred the funds from the May 5, 2020 transaction to his personal bank account at City of Boston Credit Union.

## COUNTS ONE-TWO
## Wire Fraud
## (18 U.S.C. § 1343)

The United States Attorney charges:

17. The United States Attorney re-alleges and incorporates by reference paragraphs 1-16 of this Information.

18. From in or about June 2017 through in or about date September 2020, in the District of Massachusetts, and elsewhere, the defendant,

## BAHRAM GHARONY,

having devised and intending to devise a scheme and artifice to defraud, and for obtaining money and property by means of materially false and fraudulent pretenses, representations, and promises, did transmit and cause to be transmitted by means of wire communications in interstate and foreign commerce, writings, signs, signals, pictures, and sounds for the purpose of executing the scheme to defraud, as set forth below:

| Count | Approximate Date | Description |
|---|---|---|
| 1 | March 22, 2020 | Transfer of $750 from CashApp to City of Boston Credit Union |
| 2 | June 9, 2020 | Transfer of $1,500 from CashApp to City of Boston Credit Union |

All in violation of Title 18, United State Code, Section 1343.

## FORFEITURE ALLEGATION
(18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c))

19. Upon conviction of one or more of the offenses in violation of Title 18, United States Code, Section 1343, set forth in Counts One and Two, the defendant,

### BAHRAM GHARONY

shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to the offenses.

20. If any of the property described in Paragraph 1, above, as being forfeitable pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c), as a result of any act or omission of the defendant --

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the Court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be divided without difficulty;

it is the intention of the United States, pursuant to Title 28, United States Code, Section 2461(c), incorporating Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the property described in Paragraph 1 above.

All pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c).

NATHANIEL R. MENDELL
Acting United States Attorney

By:  /s/ *Neil Gallagher*
Neil J. Gallagher, Jr.
Assistant U.S. Attorney

Dated: July 30, 2021